# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

DARRYL MCGORE,

    Plaintiff,

v.

RICK SNYDER,

    Defendant.

Case No. 17-13010
Hon. Terrence G. Berg

## OPINION AND ORDER DENYING PETITIONER LEAVE TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING COMPLAINT WITHOUT PREJUDICE (Dkt. 1)

**I.**

Darryl McGore, a prisoner at Bellamy Creek Correctional Facility in Ionia, Michigan, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 on September 12, 2017. Dkt. 1.

Plaintiff subsequently filed a Motion to Amend the Complaint, Dkt. 2, a second Complaint, Dkt. 5, and a Motion for Relief from Judgment(s) dismissing his prior 42 U.S.C. §1983 suits. Dkt. 6.

In his Complaints, Plaintiff raises claims concerning his state court criminal proceedings and seeks declaratory relief and monetary damages.[1] Plaintiff appears to seek leave to proceed without

---

[1] Plaintiff is asking the court for declaratory judgment relief from his criminal convictions from the late 1970s. Dkt. 1 at Pg ID 2. He

prepayment of the filing fee. For the reasons explained below, he may not do so, and his Complaint, Dkt. 1, Motion to Amend the Complaint, Dkt. 2, his second Complaint, Dkt. 5, are all **DISMISSED** without prejudice. Plaintiff's Motion for Relief from Judgment from his prior 42 U.S.C. §1983 suit, Dkt. 6, is also **DENIED**.

## II.

Plaintiff has not paid the filing fee for this action, nor has he submitted an application for leave to proceed *in forma pauperis*. The Court concludes, however, that Plaintiff is seeking leave to proceed without prepayment of the filing fee because he checked the "IFP" box his civil coversheet, Dkt. 1 at Pg ID 9, and filed his Prisoner Trust Account Statement. Dkt. 3.

Indigent prisoners may seek to bring a civil action without prepayment of the fees and costs for the action. 28 U.S.C. §

---

argues that the *civil* ordinance under which he was convicted has since been invalidated, that a police officer who testified against him for armed robbery perjured himself, and that some of the evidence against him was planted, among other things. Dkt. 1 at Pg ID 2, Dkt, 5 at Pg ID 116-117. He asks that the Court grant him declaratory judgment and $40,000 in compensatory damages. Dkt. 1 at Pg ID 3. He has filed a number of prior habeas petitions and other civil suits that were denied or were otherwise unsuccessful. Dkt. 1 at Pg ID 2. Some of those suits are listed below.

1915(a)(2). A prisoner, however, may be barred from proceeding *in forma pauperis* in a civil action under certain circumstances:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

In short, this "three strikes" provision prohibits prisoners from bringing lawsuits in federal court by proceeding *in forma pauperis*, if, on three or more previous occasions, that prisoner has had cases dismissed because the prisoner's action was frivolous, malicious, or failed to state a claim on which relief may be granted. 28 U.S.C. § 1915(g) (1996).

Plaintiff Darryl McGore's current complaints are barred by this provision because he has already had more than three prior cases dismissed as frivolous, or for failure to state a claim. *See McGore v. Hudson*, No. 1:98-cv-10080 (E.D. Mich. June 2, 1998); *McGore v. Hunter*, No. 2:96-cv-74326 (E.D. Mich. Oct. 15, 1996); *McGore v. Hunter*, No. 2:96-cv-74327 (E.D. Mich. Feb. 10, 1997); *McGore v. Jones*, No. 2:96-cv-74614 (E.D. Mich. Nov. 8, 1996);

3

*McGore v. Michigan Supreme Court Judges*, No. 1:94-cv-517 (W.D. Mich. Jan. 25, 1995); *McGore v. Nardi,* No. 2:93-cv-137 (W.D. Mich. Aug. 2, 1993); *McGore v. Stine*, No. 2:93-cv-112 (W.D. Mich. July 26, 1993); *McGore v. Stine*, No. 2:93-cv-77 (W.D. Mich. Apr. 30, 1993).

A plaintiff may maintain a civil action despite having had three or more civil actions dismissed as frivolous if the prisoner is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To establish that his complaint falls within the exception to the three strikes rule, a prisoner must allege that he is under imminent danger at the time that he seeks to file his complaint and proceed *in forma pauperis*. *Vandiver v. Prisoner Health Services, Inc.*, 727 F.3d 580, 585 (6th Cir. 2013). Plaintiff's allegations of violations connected with state court criminal proceedings do not allege any actual or imminent physical injury. As such, his claims do not fall within the "imminent danger" exception of § 1915(g).

Accordingly, because federal law requires it, the Court **DENIES** Plaintiff's application for leave to proceed *in forma pauperis*, as well as his Motion for Relief from Judgment for his previously dismissed §1983 suits listed above. Additionally, the Court **DISMISSES** the complaint pursuant to 28 U.S.C. § 1915(g). This dismissal is without prejudice to Plaintiff filing a new complaint

4

with payment of the filing fee. In other words, if Plaintiff pays the filing fee, he may file his lawsuit

**SO ORDERED.**

Dated:  December 20, 2017     s/Terrence G. Berg
                                                TERRENCE G. BERG
                                                UNITED STATES DISTRICT JUDGE

**Certificate of Service**

I hereby certify that this Order was electronically filed, and the parties and/or counsel of record were served on December 20, 2017.

                                                s/A. Chubb
                                                Case Manager